# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MICHAEL K.,[1] | Case No. 3:20-cv-00182 |
| Plaintiff, | |
| vs. | Magistrate Judge Caroline H. Gentry |
| | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## DECISION AND ORDER

**I.      INTRODUCTION**

Plaintiff filed an application for Disability Insurance Benefits in October 2016. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 11), the Commissioner's Memorandum in Opposition (Doc. 15), Plaintiff's Reply (Doc. 16), and the administrative record (Doc. 10).

## II. BACKGROUND

Plaintiff asserts that he has been under a disability since August 16, 2015. At that time, he was forty-three years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(d). Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(3).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 10, PageID 59-66), Plaintiff's Statement of Errors (Doc. 11), the Commissioner's Memorandum in Opposition (Doc. 15), and Plaintiff's Reply (Doc. 16). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ

are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and

3

where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. THE ALJ'S DECISION

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since August 16, 2015, the alleged onset date. |
| Step 2: | | He has the severe impairments of migraine headaches, Arnold-Chari malformation, cervical degenerative disc disease, and major depressive disorder. |
| Step 3: | | He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 C.F.R. § 404.1567(b), subject to the following limitations: "[Plaintiff] claimant can stand and/or walk 4 hours in an 8-hour workday. He cannot perform any climbing ropes, ladders or scaffolds or balancing on uneven, moving, or narrow surfaces. He can occasionally climb ramps and stairs, stoop, crawl and crouch. He cannot perform any work involving any exposure to unprotected heights, dangerous moving machinery, extreme hot or cold temperatures, excessive humidity, or vibrations. He cannot interact with the general public, but can occasionally interact with coworkers or supervisors. He cannot perform any tandem or team work or work involving |

>production rate work or strict production quotas. He will be off-task 10 percent of the workday."
>
>He is unable to perform any of his past relevant work.
>
>Step 5: Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. 10, PageID 59-66.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 66.)

## V. ANALYSIS

Plaintiff asserts that the ALJ reversibly erred in evaluating Plaintiff's symptom severity. (Doc. 11, PageID 446.) Plaintiff specifically contends that the ALJ found that Plaintiff "suffered from severe daily headaches, but failed to explain how or why [Plaintiff's] reported symptoms are allegedly inconsistent with the record evidence." (*Id.* at PageID 450.)  This argument is not persuasive. For the reasons discussed below, the ALJ's conclusions are supported by substantial evidence.

The Social Security Administration uses a two-step process for evaluating an individual's symptoms. Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, *3 (Oct. 25, 2017) (effective March 28, 2016). First, the ALJ must determine whether an individual has a medically determinable impairment that could reasonably be expected to produce the individual's alleged symptoms. *Id.* Second, the ALJ must evaluate the intensity and persistence of the individual's symptoms and determine the extent to which the individual's symptoms limit her ability to perform work-related activities. *Id.* at *4. The ALJ must examine "the entire case record, including the objective medical evidence;

5

the individual's relevant statements; statements and other information provided by medical sources and others; and any other relevant evidence in the record." *Id.* at *4-5.

In addition to all of the evidence, the ALJ should consider the following factors:

1. Daily activities;
2. The location, duration, frequency, and intensity of pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id*. at *7-8; *see also* 20 C.F.R. § 404.1529(c)(3). However, an ALJ does not necessarily need to discuss every factor in every case – for example, if there is no evidence regarding one of the factors, that factor will not be discussed because it is not relevant to the case. SSR 16-3p at *8.

In this case, the ALJ followed the required steps. The ALJ first determined that Plaintiff has medically determinable impairments (migraine headaches, Arnold-Chari malformation, cervical degenerative disc disease, and major depressive disorder) that could reasonably cause the type of symptomatology alleged. (Doc. 10, PageID 59-60, 62.) Next, the ALJ considered the evidence in the record and concluded that Plaintiff's statements about the intensity, persistence, and limiting effects of these symptoms are not

6

entirely consistent with the medical evidence and other evidence of record. (*Id.* at PageID 50.)

Plaintiff challenges the ALJ's analysis at the second step, arguing that the medical record "consistently and repeatedly documents [Plaintiff's] daily symptoms that cause him to be an unreliable employee, despite his strong work history record." (Doc. 11, PageID 450.) This argument fails because the ALJ adequately considered the objective medical and other evidence when evaluating the intensity and persistence of Plaintiff's symptoms, including Plaintiff's reported headaches, and substantial evidence supports her conclusion.

For example, the ALJ provided a detailed summary of Plaintiff's medical records and treatment history. (Doc. 10, PageID 62-64.) The ALJ acknowledged many of Plaintiff's subjective complaints, which included chronic neck and back pain with headaches, diffuse myalgias and arthralgias, paresthesia in the bilateral arms and legs, difficulty with grasping and fine motor activities, and insomnia. (*Id.*) The ALJ also acknowledged that Plaintiff told providers on some occasions that his headaches did not improve with medication and cervical spine manipulations had not provided relief. (*Id.* at PageID 64.) The ALJ cited many abnormal objective findings in the record, including the 2016 brain MRI documenting a possible borderline Chiari malformation, a March 2017 cervical spine MRI showing mild degenerative disc disease at C5-C6, and a December 2017 cervical spine MRI documenting redemonstration of a right cerebellar tonsil protrusion below the level of the foramen magnum but with no significant spinal cyanosis or foraminal narrowing. (*Id.* at PageID 62-63) The ALJ further cited to physical

7

examinations which showed abnormalities such as mild diffuse trigger joint pain, a positive Romberg test, and complaints of cervical spine pain. (*Id.* at PageID at 63.)

The ALJ compared these findings to other examinations which showed no painful or swollen joints and negative Romberg testing. (*Id.* at PageID 63-64.) On several other occasions during the relevant time period, Plaintiff also demonstrated negative Hoffman's signs, negative straight leg raising, normal strength and range of motion, intact sensation in all four extremities, no joint deformities or osteoarthritic changes in the hands, normal bulk and tone, and a steady and smooth gait. (Doc. 10, PageID 62-64.)

The ALJ concluded that the balance of the objective evidence did not support Plaintiff's allegations of symptom severity. She accounted for the objective findings by limiting Plaintiff to the reduced range of light work set forth in the RFC. (Doc. 10, PageID 61.) The ALJ's conclusion is supported by substantial evidence.

Plaintiff contends: "instead of explaining how this evidence is inconsistent with [Plaintiff's] symptom complaints, the ALJ instead focused primarily on [Plaintiff's] mostly normal physical examinations in finding [Plaintiff's] symptom complaints not credible, which does not constitute substantial evidence that [Plaintiff's] daily headaches and related non-exertional symptoms would not cause him to be an unreliable employee." (Doc. 11, PageID 450-51.)

Plaintiff has the burden of proving he is disabled and for showing how his impairment affects his functioning. *See* 20 C.F.R. § 404.1512(a); *see also Foster v. Bowen,* 853 F.2d 483, 489 (6th Cir. 1988). Further, the regulations and Sixth Circuit precedent provide that an ALJ may reasonably discount a plaintiff's allegations on the

8

grounds that the objective medical evidence does not support the plaintiff's subjective complaints. *See* 20 C.F.R. § 404.1529(c)(2) (objective medical findings are useful in "making reasonable conclusions about the intensity and persistence" of a claimant's symptoms); *Long v. Comm'r of Soc. Sec.*, 56 F. App'x 213, 214 (6th Cir. 2003) (holding that plaintiff "did not introduce sufficient objective evidence to support the existence or severity of her allegedly disabling headaches"); *Daniel H. v. Comm'r of Soc. Sec.,* No. 3:20-cv-393, 2022 WL 883771, at *6 (S.D. Ohio March 25, 2022) (Silvain, M.J.); *Jeter v. Comm'r of Soc. Sec.,* No. 3:19-cv-137, 2020 WL 5587115, at *3 (S.D. Ohio September 18, 2020) (Ovington, M.J.); *Jamaal D. v. Comm'r of Soc. Sec.,* No. 3:20-CV-315, 2022 WL 794679, at *6 (S.D. Ohio Mar. 16, 2022) (Silvain, M.J.); *Teasley v. Comm'r of Soc. Sec.,* No. 2:18-cv-1079, 2019 WL 2559514, at *14 (S.D. Ohio June 21, 2019) (Vascura, M.J.).

Moreover, Plaintiff has not offered evidence to show that his headache impairment–or any other impairment–would prevent him from working. The medical records discussed above contain no evidence that Plaintiff would be off task more than ten percent of the workday or that his headaches warrant more restrictions than the ALJ provided in the RFC. Because the ALJ applied the proper legal standards and reached a decision supported by substantial evidence, the ALJ's findings regarding Plaintiff's subjective symptom complaints about his physical and mental impairments cannot be disturbed by this Court. *Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 995 (6th Cir. 2007) (declining to disturb the ALJ's credibility determination, stating: "[w]e will not try

9

the case anew, resolve conflicts in the evidence, or decide questions of credibility" (citation omitted)).

Plaintiff further contends that the ALJ "failed to properly consider the side effects of [Plaintiff's] prescribed medications." (Doc. 11, PageID 452.) This contention is without merit. The ALJ recognized that although Plaintiff stated in June 2017 that he could not function without his medication, he reported no adverse medication side effects. (Doc. 10, PageID 63.) The ALJ balanced this evidence with Plaintiff's March 2018 statement that his headaches did not improve with Nortriptyline but that Midrin "had helped quite a bit." (*Id.* at PageID 64.) Plaintiff points to his May 2018 statement that recently-prescribed Gabapentin caused drowsiness. (Doc. 11, PageID 452.) However, the ALJ adequately accounted for any medication side effects in the RFC, which limits Plaintiff to standing and/or walking no more than four hours per day, precludes exposure to unprotected heights and dangerous moving machinery, and allows Plaintiff to be off task for ten percent of the workday. (Doc. 10, PageID 61.)

Plaintiff notes that his primary care physician prescribed Hydrocodone as of September 2018, and Plaintiff said he was "unable to function without medication." (*Id.* at PageID 453, citing Doc. 10, PageID 358.) Plaintiff asserts that "hydrocodone is a heavy duty medication with significant side effects that interfere with the ability to function—particularly in a full-time competitive work environment." (Doc. 11, PageID 453.) However, Plaintiff made no mention of any adverse medication side effects during the September 2018 primary care visit. (Doc. 10, PageID 358.) Plaintiff also made no mention of any significant medication side effects at subsequent medical appointments.

10

(*See, e.g.,* Doc. 10, PageID 415-19, 440-43.) As discussed above, the limitations in the RFC reasonably account for any medication side effects. The ALJ's conclusions in this regard are supported by substantial evidence, and the appliable legal framework did not require her to do more.

Plaintiff further contends that the ALJ gave significant weight to the opinions of the State agency reviewing physicians but that "these physicians did <u>not</u> review substantial evidence in the record, including objective medical imaging and the treatment notes documenting Kingsley's progressively worsening daily headaches." (Doc. 11, PageID 451.) Plaintiff further states: "The ALJ's reliance on their incomplete opinions likewise does not constitute substantial evidence that Kingsley's daily headaches and related non-exertional symptoms would not cause him to be an unreliable employee." (*Id.*)

However, the ALJ did not rely on the State agency reviewers' opinions. Instead, the ALJ assigned only partial weight to these opinions. (Doc. 10, PageID 64). The ALJ accounted for Plaintiff's concerns that the reviewers did not review substantial evidence: the ALJ acknowledged that these physicians "did not personally examine [Plaintiff]" and found that "the complete longitudinal medical record would support additional limitations." (*Id.*) Compared to the limitations suggested by the State agency reviewers, the ALJ increased the exertional, postural, and environmental limitations. (*Compare* Doc. 10, PageID 61, *with* Doc. 10, PageID 115-17, 129-31.) Notably, the ALJ increased the standing/walking restriction from six hours to four hours in an eight-hour workday. (Doc. 10, PageID 61.) Moreover, the ALJ added a limitation that Plaintiff will be off task for 10

percent of the workday. (*Id.*). These additional limitations account for the records submitted after the State agency reviewers provided their assessments. Further, no treating or other medical source provided an opinion that Plaintiff is more limited than the ALJ's RFC. Accordingly, the ALJ adequately considered the State agency reviewers' conclusions when evaluating Plaintiff's symptom severity. Her conclusions are supported by substantial evidence.

Plaintiff's final assertion is also without merit. Plaintiff argues that Plaintiff's "lengthy, solid work history" should "weigh in favor of according his symptom severity complaints substantial credibility." (Doc. 11, PageID 453.) Plaintiff cites to several cases in support of this argument. (*Id.*, citing *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Rivera v. Schweiker,* 717 F.2d 719, 725 (2nd Cir. 1983); *O'Donnell v. Barnhart,* 318 F.3d 811, 817 (8th Cir. 2003).) However, *Rivera* and *O'Donnell* are cases from the Second and Eighth Circuits, respectively, and are not binding on this court. *Felisky* is a Sixth Circuit case, but it does not support Plaintiff's contention.

The *Felisky* court found that the plaintiff's work history was one of several additional factors which supported her credibility, but the court did not hold that an ALJ is <u>required</u> to consider this factor. 35 F.3d at 1041. Rather, as the Commissioner points out, the Sixth Circuit has held that an ALJ is <u>not</u> required to explicitly discuss work history when evaluating a plaintiff's symptom severity. (Doc. 15, PageID 477, citing *Dutkiewicz v. Comm'r of Soc. Sec.*, 663 F. App'x 430, 433 (6th Cir. 2016) ("The ALJ was not required to explicitly discuss Dutkiewicz's work history when assessing his

12

credibility. . . ."). The ALJ's evaluation of Plaintiff's symptom severity is consistent with applicable legal requirements, and her conclusions are supported by substantial evidence.

## VI. CONCLUSION

For the reasons discussed above, the ALJ properly applied the governing legal framework and substantial evidence supports her conclusions. Specifically, the ALJ evaluated Plaintiff's symptom severity pursuant to the applicable regulations, including SSR 16-3p. The ALJ further provided reasonable explanations, supported by substantial evidence, for how she weighed the evidence. Accordingly, Plaintiff's Statement of Errors lacks merit.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 11) is OVERRULED;

2. The Court AFFIRMS the Commissioner's non-disability determination; and

3. The case is terminated on the Court's docket.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge